# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

AIR LIQUIDE AMERICA
CORPORATION and MEDAL L.P.,

    Plaintiffs,

    vs.                                                                                       No. CIV 97-1536 LH/LFG

MG NITROGEN SERVICES, INC. and MG
GENERON, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants MG Industries and MG Generon, Inc.'s Objections to the Magistrate's Order Denying Defendants' Motion to Compel (Docket No. 116), filed April 26, 1999; Plaintiffs' Motion to File a Surreply to Defendants' Objections Order [sic] Denying Defendants' Motion to Compel (Docket No. 138), filed July 7, 1999; Defendants' Objections to the Court's Order Denying Motion for Protective Order and to Quash *Subpoena Duces Tecum* (Docket No. 133), filed June 16, 1999; and Plaintiffs' Objections to Magistrate's Order Denying Production of Documents Filed June 22, 1999 (Docket No. 136), filed June 29, 1999. The Court, having considered the pleadings submitted by the parties and otherwise being fully advised, finds that the motion to file a surreply is not well taken and will be denied and that each of the Objections are not well taken and that they will be **overruled** and the Magistrate will be **affirmed**.

# DEFENDANTS' OBJECTIONS TO THE MAGISTRATE'S ORDER
# DENYING DEFENDANTS' MOTION TO COMPEL

Defendants object to Judge Garcia's denial of their motion to compel discovery of certain documents relating to the reexamination process, which they contend are related to the issue of inventorship. Discovery has been limited solely to the Plaintiffs' claim of inventorship in an effort to limit the time and expense of this litigation. Defendants fail to carry their burden to establish that the magistrate's ruling was clearly erroneous or contrary to law. *See* FED. R. CIV. P. 72(a). "The clearly erroneous standard is intended to give the magistrate a free hand in managing discovery issues." R. MARCUS & E. SHERMAN, COMPLEX LITIGATION at 643 (1985). The Seventh Circuit has stated that "[to] be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parks & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

Despite Defendants' creative arguments about the relevancy of the reexamination process, the Court detects no aroma as strong as that described by the Seventh Circuit. Nonetheless, the Court is aware that the limited scope of discovery and the definition of inventorship is at the root of each of the motions addressed in this Memorandum Opinion and Order and that this limitation has caused considerable problems in the discovery process. Moreover, the Court concludes that while the Defendants' request may not fall into the limited discovery now permitted, it may very well relate to some of the Defendants' affirmative defenses and the Court is concerned that its limitation on discovery may undermine the expansive discovery contemplated by Rule 26(b). Because the magistrate's ruling was based upon the Court's earlier limitation of discovery to the claim of inventorship, the Court must overrule the Defendants' Objections and affirm the magistrate's ruling.

Given this conclusion, there is no reason to consider a surreply and the Plaintiffs' motion to file a surreply will be denied.

However, although filing an Objection is not the proper means to bring this issue to the fore, Defendants reasonably ask for a more precise definition of the limited scope of discovery from the Court. Moreover, the Court has come to question whether this limited scope remains useful in light of the Defendants' affirmative defenses and the recent dismissal of a number of the Plaintiffs' claims. The Court will discuss the scope of discovery, and its inclination to expand discovery to all remaining claims, with counsel at the status conference scheduled for July 21, 1999. Should the Court conclude at the status conference that the scope of discovery is to remain limited, the Defendants may move the Court to redefine the scope of discovery to include their related affirmative defenses or may alternatively seek a stay of discovery into those claims. In any event, the claim for inventorship will not be considered until all discovery on that claim and its related affirmative defenses is complete.

## DEFENDANTS' OBJECTIONS TO THE COURT'S ORDER DENYING MOTION FOR PROTECTIVE ORDER AND TO QUASH *SUBPOENA DUCES TECUM*

In an odd pleading entitled "objections" Defendants scold Magistrate Judge Garcia for alleged factual inaccuracies in his Order of June 1, 1999, and assert that the authority he relied upon has "effectively been overruled."[1] Nonetheless, the Defendants go on to observe that its "objection does

---

[1] The allegation that Judge Garcia relied on overruled case law is completely inappropriate and a mis-characterization of the status of the law. Defendants point the Court, not to a circuit decision negating the proposition Judge Garcia presented, but rather a district court opinion, from the District of Delaware, which criticized some aspects of an earlier decision of that district. (*See* Defs.' Obj. at 2 (citing *Hercules, Inc. v. Exxon, Corp.*, 434 F.Supp. 136 (D. Del. 1977)).) That earlier decision, *Zenith Radio Corp. v. Radio Corp. of America*, 121 F.Supp. 792, 794 (D. Del. 1954), was cited by a district court in California, in *Handgards, Inc. v. Johnson & Johnson*, 69 F.R.D. 451 (N.D. Ca. 1975), which was in turn relied upon by the authors of Discovery Proceedings in Federal Court, which was the authority cited by Judge Garcia for the proposition that the Defendants' "motion for a protective order and blanket protection against discovery [was] both

not alter the outcome of the Court Order and MG is not objecting to proceeding with Kipnes' deposition." (Obj. at 4.) What Defendants appear to be objecting to is Judge Garcia's observation that if attorney Kipnes was engaged in giving business, as opposed to legal, advice, the attorney-client privilege may not be applicable. (*See* Order Denying Protec. Ord. at 3-5.) As this is merely *dicta* Judge Garcia offered to help the parties resolve conflicts themselves, this Court has nothing to rule upon. However, the Court would make its own observation that even the decision Defendants claim "effectively overruled" the authority Judge Garcia relied upon, recognized this distinction. *See Hercules*, 434 F.Supp. at 145-147 (holding when "primary purpose of a communication is to solicit or render advice on non-legal matters, the communication is not within the scope of the attorney-client privilege [but when the advice is given] with respect to the legal implications of a proposed course of conduct . . . the privilege [may] be properly invoked").

Finally, the mere fact that Judge Garcia did not discuss Defendants' relevancy arguments does not mean that those arguments were not considered, they may simply not have been worthy of

---

premature and overbroad." (*See* Order Denying Motion for Protective Order and to Quash Notice and *Subpoena Duces Tecum* at 3-4.)

The Magistrate's conclusion that the attorney-client privilege "only precludes disclosure of confidential communications made for the purpose of facilitating the rendition of professional legal services to the client" is a correct statement of the law and has not been overruled. In fact, the *Hercules* court adopted the same distinction Judge Garcia made between legal and business or technical advice. *See Hercules*, 434 F.Supp. at 144-47 (noting distinction between legal and technical advice and holding attorney client privilege applicable "[o]nly if the attorney is 'acting as a lawyer'—giving advice with respect to the legal implications of a proposed course of conduct—may the privilege be properly invoked"). Moreover, the *Hercules* court only criticized the *Zenith* court in the application of a broad rule negating general the application of the attorney-client privilege "where patents are the subject of the communication." *Id*. at 143. Neither Judge Garcia, or the *Handgards* court took such an absolute position, rather, they properly concluded that each communication should be evaluated to see if it was predominately legal, and not merely business, advice. Counsel should be more cautious in their criticism—and far more accurate in their citation—lest they lose their credibility before the Court.

comment. Defendant does not present any convincing argument which establishes that the ruling was clearly erroneous or contrary to law, on this, or any other basis. Therefore, the Defendants' Objections will be overruled and the Magistrate will be affirmed.

## PLAINTIFFS' OBJECTIONS TO MAGISTRATE'S ORDER DENYING PRODUCTION OF DOCUMENTS FILED JUNE 22, 1999

Plaintiffs seek reversal of an order by the Magistrate denying production of certain billing records from the firm of Watov & Kipnes for legal services preformed relating to the application for the disputed patent. In that Order, Judge Garcia concluded that the documents need not be produced, finding that they were general in nature and fell within the category of privileged communications. (*See* Order Denying Prod. Doc. at 2.) Plaintiffs complain that if the documents are of a general nature which do not describe detail, as Judge Garcia described them, they should be produced. (*See* Pls.' Obj. at 2.) Defendants, of course, do not dispute Judge Garcia's conclusion that the documents are privileged, but they assert that the billing records are "specific and detailed [in] nature" and argue, therefore, that he properly denied the motion seeking their production. (*See* Defs.' Resp. at 1.)

The parties agree that attorney fee invoices are not protected by the attorney-client privilege when they merely reveal such non-privileged information as the "identity of a client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work preformed." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999) (quoting *Clark v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)); *see also In re Gibco, Inc.*, 185 F.R.D. 296, 299 (D. Colo. 1997) (citing *Clark*, 974 F.2d at 129). However, when the bills "reveal the motive of the client seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of the law," then the privilege does apply. *Chaudhry*, 174 F.3d at 402 (quoting *Clark*, 974 F.2d at 129); *see also In re Gibco, Inc.*, 185 F.R.D. at 299. The

Court has reviewed the disputed documents and concludes that the judgment of the Magistrate was neither clearly erroneous, nor contrary to law; although his limited description of the documents might create a different impression. Specifically, the Court finds that while the documents are general—in the sense that they do not describe each and every action taken by the billing attorney—they are specific enough to reveal the specific nature of the services provided and—to the informed reader—some aspects of their client's "litigation" strategy. Therefore, the Plaintiffs' objections will be overruled and the Magistrate's Order will be affirmed.

**IT IS, THEREFORE, ORDERED** that the Defendants' Objections to the Magistrate's Order Denying Defendants' Motion to Compel (Docket No. 116), filed April 26, 1999, are **overruled** and the Magistrate's Order is **affirmed**.

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion to File a Surreply to Defendants' Objections Order [sic] Denying Defendants' Motion to Compel (Docket No. 138), filed July 7, 1999, is **denied**.

**IT IS FURTHER ORDERED** that the Defendants' Objections to the Court's Order Denying Motion for Protective Order and to Quash *Subpoena Duces Tecum* (Docket No. 133), filed June 16, 1999, is **overruled** and the Magistrate's Order is **affirmed**.

**IT IS FINALLY ORDERED** that the Plaintiffs' Objections to Magistrate's Order Denying Production of Documents Filed June 22, 1999 (Docket No. 136), filed June 29, 1999, is **overruled** and the Magistrate's Order is **affirmed**.

_____
**UNITED STATES DISTRICT JUDGE**